**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 09-09388 |
| GRITA DUBAUSKIENE | ) | |
| | ) | Adversary No. 09-00588 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| ANTHONY STELMOKAS | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| GRITA DUBAUSKIENE | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO AMENDED COMPLAINT OBJECTING TO**
**DISCHARGEABILITY OF INDEBTEDNESS (11 U.S.C. § 523(a)(2) AND**
**COUNTERCLAIM AGAINST ANTHONY STELMOKAS**

NOW COMES  GRITA DUBAUSKIENE, by and through her attorney, Saulius Modestas, and in support states as follows:

1.      This court has jurisdiction over the subject matter of this complaint as a core proceeding pursuant to the provisions of 28 U.S.C. §1334 and 157(b)(2)(1) and 11 U.S.C. § 523 since this is a proceeding to determine the dischargeability of a particular debt.

**Defendant admits to the allegations in paragraph #1.**

2.      This court has fixed July 13, 2009 as the last day to file a Complaint to Object to the Discharge of Debtor under U.S.C. §727 and to Determine Dischargeability of Debt under U.S.C. §523. This Complaint, therefore, has been timely filed.

**Defendant admits to the allegations in paragraph #2.**

3.      Grita Dubauskiene aka Grita Duauskiene filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "Code") in this court on March 19, 2009.

**Defendant admits to the allegations in paragraph #3.**

4.      The Debtor may be served, pursuant to Fed. R. Bankr. P. 7004(b)(1), by mailing a copy of the Summons and Complaint to 10 S. 472 Echo Line, Apt. 2, Willowbrook, IL 60527, which constitutes either the Debtor's dwelling house or usual place of abode or the place which the Debtor regularly conducts a business or profession. This address is taken off of debtor's B9 A Notice of Bankruptcy Petition as being her present dwelling house address.

**Defendant denies service was proper as it is believed service was executed by ANTHONY STELMOKAS, Pro Se Plaintiff. He is a party and only a non-party over 18 years old may serve a Summons.**

5.      Plaintiff is a creditor of Debtor with claim in excess of $5,600. Plaintiff's claims against the Debtor are evidenced by:

**Defendant admits Plaintiff was listed as a disputed creditor in her schedules but denies the validity of his claim in paragraph #5.**

a. On February 19, 2008, Debtor and Plaintiff entered into an agreement whereby Plaintiff would give Debtor a 2 month term loan, as evidenced by Debtor's check number 1238, attached hereto as Exhibit A.

**Defendant admits the allegations in paragraph #5(a) that Plaintiff made a short term loan to her.**

b.i. Terms of the loan as secured by the above check were principal amount of $7,000.00 cash advance.

**Defendant admits the allegations.**

b.ii. Loan payback on April 12, 2008 by either a direct cash payment of $7,980. which includes contracted interest, or, the depositing of subject check on payable date.

**Defendant admits the allegations.**

2

b.iii. Debtor averred upon execution of check that funds would be available on the due date. Plaintiff relied on both oral and written representation that payment would be made on the due date to plaintiff by either/or means.

**Defendant denies the allegations.**

b.iv. This was to be a business loan to Debtor on behalf of G&G Construction & Home Improvement, Inc. (G&G) for specific purpose of purchasing building materials and as bridge loan pending receipt of funds from previously completed projects.

**Defendant denies the allegations.**

b.v. Plaintiff filed a contract action to recover said loan per 08 M1-145827 in Circuit Court of Cook County prior to the filing of Debtor's bankruptcy petition in which he claimed said loan was a business loan.

**Defendant admits Plaintiff filed a lawsuit attempting to collect on the loan and that he mischaracterized the personal loan as a business loan.**

b.vi. Defendant's response to said claim alleged that said loan was a personal loan [Defendants' 5/2-615 Motions to Dismiss and Motion for S.C. Rule 137 Sanctions against Anthony Stelmokas, Class Action Counterclaim, paragraph 2 of page 2], attached copies of 1st two pages of brief.

**Defendant admits it was a personal loan.**

b.vii. Plaintiff avers again that he would not have given cash loan for purpose of "reinstating her mortgage with HSBC.]

**Defendant denies the allegations.**

b.viii. Debtor's statement to plaintiff was materially false as Debtor diverted the cash loan to her personal benefit and to her business partner Gintaras Kasparavicius who then resided at the same Willowbrook address.

**Defendant denies the allegations.**

6. The totality of the circumstances on the date said loan was incurred shows that Debtor did not intend to repay:

a. the debtor was in poor financial condition;

**Defendant cannot answer the allegation as "poor" is not defined by Plaintiff but denies any intent not repay the loan.**

3

b. the loan was incurred near to the date of the bankruptcy filing;

**Defendant denies the allegations.**

c. the responses to Statement of Financial Affairs, Questions 1 and 2 indicate an average yearly income of about $6,000. per year in the three years prior to bankruptcy filing;

**Defendant admits her average adjusted gross income for those years was approximately that amount.**

d. based on monthly income, monthly living expenses, and circumstances disclosed in the Scheduled and Statement of Financial Affairs, no disposable income was available to pay the required payments on the Debtor's unsecured debt;

**Defendant admits that at the time the petition was filed the information above was correct.**

e. The minimum monthly payment on the $125,983. of scheduled unsecured debt(based on a required monthly minimum payment on each account of 2-3%) approximated $3,800. per month before the petition was filed;

**Defendant cannot answer the allegations as they are nonsensical and based in neither law nor fact but to the extent an answer is required, denies the allegations.**

f. debtor is relatively sophisticated in business matters;

**Defendant denies the allegations.**

g. other unsecured credit/loans were also utilized; and

**To the best of her recollection, Debtor denies utilizing any other unsecured credit/loans on the date the loan in question was taken out.**

h. there were not sufficient liquid assets that could have been used to service this debt.

**Defendant denies the allegations.**

7. On information and belief, Debtor was gainfully employed by G & G and domiciled at the same address as the corporation with co-debtor Gintaras Kasparavicius.

a. debtor has not declared any income from G&G;

**At one time, Defendant did do some work with G & G and lived with Mr. Kasparavicius. Debtor did not have any income at the time of filing from G & G.**

4

b. debtor lists only an average monthly income as "cleaning lady" in the amount of $1,370. off Schedule 1.

**Defendant admits the allegations.**

8. On information and belief on or before February 19, 2008 during which this and other business loans were made, Debtor stated that she and Gintaras Kasparavicius owned and unencumbered real estate at the Willowbrook, Il. address. This information was materially false as Debtor had encumbered the real estate two years prior. Debtor knew of the falsity at the time she made such statement to Plaintiff.

**Defendant denies the allegations.**

9.  Debt(s) were incurred when the Debtor could not pay existing financial obligations as they became due.

**Defendant cannot answer this allegation as which debts were incurred when was not specified, to the extent an answer is required, she denies them.**

10. By incurring interest charges on said loan, the Debtor represented an intention to repay them.

**Allegation doesn't make any sense but Defendant admits intending to repay the loan.**

11. The Debtor, through false pretenses, false representations, and/or actual fraud acted to induce Plaintiff to enter into a loan agreement for valuable consideration, and in the absence of false pretense, false representation, and/or actual fraud by the Debtor, Plaintiff would not have entered into the loan agreement and incurred the losses attributable to the Debtor.

**Defendant denies all the allegations in paragraph #11.**

Request Relief #1 – Order that the Debtor's indebtedness to Plaintiff constitutes a nondischargeable debt pursuant to 11 U.S.C. §523(a)(2)(A).

**Defendant denies the debt is nondischargeable as alleged in Requested Relief #V-1 and requests this Court dismiss this adversary.**

Requested Relief #2 – Grant nondischargeable judgment in favor of Plaintiff against the Debtor plus prejudgment and postjudgment intereste as provided by law, reasonable attorney fees, if applicable, costs and expenses;

**Defendant denies the debt is nondischargeable and requests this Court dismiss this adversary and award Debtor their attorney fees.**

5

Requested Relief #3 – Grant Plaintiff such other and further relief to which Plaintiff may be justly entitled.

**Defendant denies Plaintiff is entitled to any relief as alleged and requests this Court dismiss this Adversary.**

WHEREFORE,  GRITA DUBAUSKIENE, prays this Honorable Court enter an order declaring the debt dischargeable and grant such other relief as may be deemed necessary and just.

### COUNTERCLAIM  AGAINST ANTHONY STELMOKAS

NOW COMES Defendant-Counterplaintiff GRITA DUBAUSKIENE ("GRITA"), by and through her attorney, SAULIUS MODESTAS, and for her Counterclaim against ANTHONY STELMOKAS ("STELMOKAS") alleges as follows:

#### *Jurisdiction and Venue*

1.      The jurisdiction of this court is invoked pursuant to the Truth in Lending Act, 15 U.S.C. §1640(e) ("TILA") and 28 U.S.C. §1331. Supplemental jurisdiction over state law claims exists pursuant to 28 U.S.C. §1367.

2.      Venue in this district is proper because the acts that gave rise to this cause of action occurred in substantial part in this district and because Counterdefendant resides in this district.

#### *Factual Background*

3.      At all times relevant hereto, STELMOKAS regularly extended or offered to extend consumer credit for which a finance charge was imposed.

4.      On or about February 19, 2008, STELMOKAS loaned to GRITA, via a short term loan, $7,000.00.

5.      This loan was taken out by GRITA for the sole purpose of reinstating the mortgage on her home and was not used for business purposes.

6.  STELMOKAS charged GRITA 2 % interest per week on the payday loan.

7.  STELMOKAS failed to give the required disclosures pursuant to TILA

and the Illinois Payday Loan Reform Act (also violating the Illinois Consumer Fraud

Act).

8.  STELMOKAS charged an excessive and unlawful rate of interest in

violation of the Illinois Payday Loan Reform Act and Illinois Interest Act.

### COUNT I
### VIOLATIONS OF THE TRUTH IN LENDING ACT
### 15 U.S.C. §§ 1601-1666j

9.  Counterplaintiff incorporates by reference paragraphs 1-8 as if more fully

set forth herein.

10.   In the course of this transaction, STELMOKAS violated the Act and

Regulation Z, 12 C.F.R. § 226, by failing to clearly and conspicuously make numerous

required disclosures, including but not limited to the annual percentage rate and the

amount financed.

WHEREFORE, Counterplaintiff requests that judgment be entered in her favor,

and against STELMOKAS and requests the Court:

  A.  Award the maximum statutory damages available under the law in

    accordance with 15 U.S.C. § 1640(a)(2);

  B.  Award Counterplaintiff costs and reasonable attorneys fee in

    accordance with 15 U.S.C.§ 1640; and

  C.  Any other relief the Court deems fair and just.

### COUNT II
### VIOLATION OF THE ILLINOIS PAYDAY LOAN REFORM  ACT
### 815 ILCS 122/1-1 et seq.

11.  Counterplaintiff incorporates by reference paragraphs 1-8 as if more fully

set forth herein.

12.    In the course of this transaction, STELMOKAS violated the Payday Loan

Act by failing to make the required disclosures and charged an excessive rate of interest.

WHEREFORE, Counterplaintiff requests that judgment be entered in her

favor and against STELMOKAS and requests the Court award:

A.  Actual damages in an amount to be proved at trial;

B.  Punitive damages in an amount sufficient to deter such future conduct;

C.  Attorneys' fees and costs;

D.  Any other relief the Court deems fair and just.

## *COUNT III – VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT*
## *815 ILCS 505/2Z*

13.    Counterplaintiff hereby restates, realleges, and incorporates herein by

reference paragraphs 1-8 as if set forth fully in this Count.

14.    Counterplaintiff is a "consumer" as that term is defined by 815 ILCS

505/1(e).

15.    A violation of the Illinois Payday Loan Reform Act is also an unlawful

practice under Section 2Z of the Illinois Consumer Fraud and Deceptive Business

Practices Act.

16.    Pursuant to 815 ILCS 505/10a(c), Counterplaintiff is entitled to her

attorney fees and court costs.

WHEREFORE, Counterplaintiff requests that judgment be entered in her favor and against STELMOKAS and requests the Court award:

A.   Actual damages in an amount to be proved at trial;

B.   Punitive damages in an amount sufficient to deter such future conduct;

C.   Attorneys' fees and costs;

D.   Any other relief the Court deems fair and just.

### *COUNT IV – VIOLATION OF THE ILLINOIS INTEREST ACT*
### *815 ILCS 205/4*

17.   Counterplaintiff incorporates by reference paragraphs 1 through 8 as if more fully set forth herein.

18.   At all times relevant to this Counterclaim, the Illinois Interest Act ("Interest Act") was in effect in the State of Illinois.  The Interest Act declares the lawful rate of interest in Illinois to be 9% per year.

19.   STELMOKAS charged 2% a week or 104% per year on the loan in question.

20.   Counterdefendant is liable for statutory damages pursuant to 815 ILCS 205/6, which states, in pertinent part:

> If any person or corporation knowingly contracts for ... unlawful interest, ... in connection with any loan of money, the obligor may, recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender.

WHEREFORE, Counterplaintiff requests that judgment be entered in her favor and against STELMOKAS and requests the Court award:

A.    Actual damages in an amount to be proved at trial;

B.    Punitive damages in an amount sufficient to deter such future conduct;

C.    Attorneys' fees and costs;

E.    Any other relief the Court deems fair and just.

Respectfully submitted,

GRITA DUBAUSKIENE, Defendant-Counterplaintiff

/s/ Saulius V. Modestas
SAULIUS V. MODESTAS, ARDC #6278054
One of Debtor's Attorneys

Modestas Law Offices
25 E. Washington St., Ste. 1804
Chicago, IL 60602
A.R.D.C. No. 6278054
(312) 251-4460

10